

2011 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-29-2011

# Karen V. Cappuccio v. Prime Capital Funding, LLC. et

Precedential or Non-Precedential: Precedential

Docket No. 09-4055

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2011

Recommended Citation

"Karen V. Cappuccio v. Prime Capital Funding, LLC. et" (2011). *2011 Decisions.* Paper 415.
http://digitalcommons.law.villanova.edu/thirdcircuit_2011/415

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2011 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____
No. 09-4055
_____


KAREN V. CAPPUCCIO,
                                        Appellant

v.


PRIME CAPITAL FUNDING LLC; KIRK AYZENBERG;
AMERICA'S WHOLESALE LENDER; COUNTRYWIDE BANK, NA;
COUNTRYWIDE HOME LOANS SERVICING, L.P.;
FIRST MAGNUS FINANCIAL CORPORATION;
HOMECOMINGS FINANCIAL, L.L.C. a GMAC Company;
MAK ABSTRACT; E*TRADE, d/b/a E*Trade Financial Corporate Services, Inc.,
d/b/a E*Trade Mortgage Corporation


On Appeal from the District Court
for the Eastern District of Pennsylvania
(No. 07-cv-04627)
District Judge: Honorable Juan R. Sánchez


Before: FUENTES, FISHER, and NYGAARD, Circuit Judges


ORDER AMENDING OPINION


It appears that the opinion filed on August 16, 2011, incorrectly referred to title 15 U.S.C. Section 1691 as the U.S. Equal Opportunity Act rather than the Equal Credit Opportunity Act. At the direction of the Court, it is hereby ORDERED that page 8, section B, first paragraph of the opinion is amended as follows:

> Cappuccio brought claims against the lenders, Countrywide and First Magnus, for (1) damages, rescission, and injunctive relief under TILA; (2) common law fraud; (3) statutory fraud under the Pennsylvania Unfair Trade Practices Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-2; and (4) violations of the adverse

action notice requirement of the U.S. Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691.

For the Court,

*Marcia M. Waldron*

Marcia M. Waldron, Clerk


Date: September 29, 2011
cc: Cary L. Flitter, Esq.
Theodore E. Lorenz, Esq.
Andrew M. Milz, Esq.
Joseph F. Riga, Esq.
Irv Ackelsberg, Esq.